UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE ADMINISTRATIVE SUBPOENA MASSACHUSETTS DEPARTMENT OF HEALTH | M.B.D. No. |

I, Elysa Q. Wan, depose and state as follows:

1.  I am an Assistant United States Attorney in the District of Massachusetts and have been so employed since September 2018.

2.  The government is investigating Magellan Diagnostics, Inc. and its executives for misleading customers and the U.S. Food and Drug Administration about a malfunction in Magellan's lead blood testing devices, which caused an estimated tens of thousands of patients to receive inaccurate blood lead test results.

3.  There is reasonable cause to believe that a federal crime has been committed. On April 4, 2023, a federal grand jury sitting in Boston returned an indictment charging three former employees of Magellan Diagnostics, Inc.—Amy Winslow, Mohammad Hossein Maleknia, and Reba Daoust—with conspiracy to commit wire fraud (18 U.S.C. § 1343), wire fraud (18 U.S.C. § 1343), conspiracy to defraud an agency of the United States (18 U.S.C. § 371), and introduction of misbranded medical devices into interstate commerce (21 U.S.C. §§ 331(a), 333(a)(2)). *United States v. Amy Winslow et al.*, Case No. 23-cr-10094-PBS.

4.  On May 5th, 2023, the government served a subpoena on the Massachusetts Department of Public Health ("MA DPH") seeking lead testing data relating to the Centers for Disease Control and Prevention's ("CDC") May 17, 2017 health alert relating to Magellan Diagnostic's LeadCare devices. A copy of the subpoena is attached hereto as Exhibit A.

5. The requested information is probative of a matter at issue in the investigation and prosecution of Magellan and associated individuals. The government seeks lead testing data to identify individual patients who were harmed by Magellan's criminal conduct. Victim lead test results confirm the existence of the malfunction in Magellan's lead testing devices. Victim data is also probative of the effect of Magellan's misleading statements to customers about the accuracy of its lead testing devices and the materiality of the fraud Magellan perpetrated on its customers and the FDA. Identification of victims also necessary to satisfy the government's obligations under the Victims' Rights and Restitution Act (34 U.S.C. § 20141) and the Crime Victims' Rights Act (18 U.S.C. § 3771).

6. Due to the volume and nature of the documents requested, the same information cannot be obtained elsewhere through reasonable efforts. The MA DPH collects blood lead testing data from all health care providers, laboratories, and clinics in Massachusetts that conduct blood lead testing in a single, centralized system. Seeking blood lead test results from individual health care providers, laboratories, and clinics is not reasonable given the number of Magellan customers located in Massachusetts. Magellan estimated that its LeadCare II test was used to conduct 2.5 million blood tests a year nationally, accounting for more than half of all lead tests conducted in the United States.

7. To the extent the government subsequently disclosed the information,, it would do so pursuant to a protective order that strictly limits use and disclosure of confidential material, such as the protective order entered in *Amy Winslow et al.*, Case No. 23-cr-10094-PBS, ECF No. 35.

Signed under the pains and penalties of perjury this 3rd day of August 2023.

By:     */s/ Elysa Q. Wan*
            ELYSA Q. WAN
            Assistant United States Attorney

# Exhibit A

# UNITED STATES OF AMERICA
## DEPARTMENT OF JUSTICE

## SUBPOENA DUCES TECUM

**To:** Beth McLaughlin

Acting GC of MA Department of Public Health

*YOU ARE HEREBY COMMANDED TO APPEAR BEFORE Assistant United States Attorney Elysa Wan, an official of the U.S. Department of Justice, and you are hereby required to bring with you and produce the following:*

See Attachment A

*which are necessary in the performance of the responsibility of the U.S. Department of Justice to investigate Federal health care offenses, defined in 18 U.S.C. § 24(a).*

**PLACE AND TIME FOR APPEARANCE:**
United States Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, MA 02210, on May 23, 2023 at 10 o'clock A.M, or at your option, the documents may be mailed to the Assistant U.S. Attorney listed at:

> Assistant United States Attorney Elysa Wan
> United States Attorney's Office
> John Joseph Moakley United States Courthouse, Suite 9200
> 1 Courthouse Way
> Boston, MA 02210

At your option, you may contact Allison King at Allison.King@usdoj.gov to arrange for delivery of the documents in advance of the date and time of appearance by mail, email or other electronic means.

Failure to comply with the requirements of this subpoena will render you liable to proceedings in the district Court of the United States to enforce obedience to the requirements of this subpoena, and to punish default or disobedience.

Issued under authority of Sec. 248 of the Health Insurance Portability & Accountability Act of 1996, Public Law No. 104-91
(18 U.S.C. § 3486)



*IN TESTIMONY WHEREOF*

*Kelly Begg Lawrence, Health Care Fraud Chief, the undersigned official of the U.S. DEPARTMENT OF JUSTICE, has hereunto set her hand this 5th day of May, 2023.*

**KELLY LAWRENCE**
Digitally signed by KELLY LAWRENCE
Date: 2023.05.05 15:15:29 -04'00'

(SIGNATURE)

FORM CRM-180
MAR.. 97

**UNITED STATES OF AMERICA**
**DEPARTMENT OF JUSTICE**

**SUBPOENA DUCES TECUM**

*Upon contumacy or refusal to obey, this subpoena shall be enforceable by order of the appropriate United States District Court.*

**RETURN OF SERVICE**

I, being a person over 18 years of age, hereby certify that a copy of this subpoena was duly served on the person named herein by means of --

1. personal delivery to an individual, to wit:

_____
*(Name)*
_____
*(Title)*
_____
*(Address)*

2. personal delivery to an address, to wit:

_____
_____
*(Description of premises)*
_____
*(Address)*

3. registered or certified mailing to:

_____
*(Name)*
_____
_____
*(Address)*

( ) a.m. at ____ ( ) p.m. on ____

_____
*(Signature)*
_____
*(Title)*

**Attachment A**

**DOCUMENTS TO BE PRODUCED**

Lead testing data relating to the CDC's May 17, 2017 health alert relating to Magellan Diagnostic's LeadCare devices, specifically:

1.      Data related to all patients that were tested using LeadCare instruments via venous blood samples or unknown sample type from January 1, 2013 – December 31, 2017.

2.      Data related to all patients whose venous blood or unknown sample were tested using LeadCare instruments and who were identified as meeting the CDC's retesting criteria. This includes, but is not limited to, data sufficient to identify patients who had an elevated result from a capillary sample 12 months before having a venous sample analyzed on a LeadCare instrument.

3.      Data related to all patients who were identified as meeting the CDC's retesting criteria and retested after the CDC's 2017 health alert.

4.      Data related to all patients who were identified as meeting the CDC's retesting criteria, retested after the CDC's 2017 health alert, and identified as having at least one elevated blood lead level after the LeadCare recall. This includes, but is not limited to, data sufficient to identify patients whose confirmatory testing showed elevated blood lead test results.

Please produce each data set in separate Excel files. For each data set, please provide at least the following fields: patient name, date of birth, address, Social Security number, unique patient identifier, type of sample collected, location of collection, all lead test values collected for that patient from 2011 to present (regardless of whether (a) the lead test was conducted on a LeadCare instrument or (b) the lead test was based on a venous, capillary, or unknown sample), date of collection, CDC's retesting category (e.g., children adults with unknown pregnancy status, refugee), and any notes.

1